YAMHILL COUNTY,
*Petitioner,*

*v.*

LUDWICK et al,
*Respondents.*

(Nos. 80-154 & 80-155, CA A21985)

646 P2d 1349

Daryl S. Garrettson, Yamhill County Counsel, McMinnville, argued the cause and filed the brief for petitioner.

Robert L. Liberty, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In these consolidated cases, Yamhill County appeals the Land Use Board of Appeals' (LUBA) reversal of the county's grant of conditional use permits and variances to two property owners.[1] The county's actions were taken to enable the owners to construct single family dwellings on parcels of less than 40 acres in an F-40 (Forest-40 acre minimum) zone. The petitioners before LUBA, who are respondents here, are members of a homeowners association that maintains an access road serving the properties in question. We reverse LUBA's order.

The owners' properties are part of a 67-lot subdivision. When the lots were first sold, the developer had not complied with then applicable statutory prerequisites for conveyance of subdivision lots. The lots in the subdivision are subject to a restrictive covenant in the several deeds against commercial harvesting of timber. The restriction can be waived by a three-quarters vote of the owners, with votes allocated according to the number of lots owned. The record does not indicate that the restriction has been waived. The restrictive covenant was in effect before the property was zoned F-40. Were it not for the restrictive covenant, commercial timber harvesting would be among the principal activities which could be conducted in the F-40 zone.

■     The county's first argument on appeal is that LUBA erred in ruling that the properties were not "existing legal lots of record," because they were conveyed in violation of ORS 92.016.[2] According to LUBA, the properties therefore do not qualify for a conditional use permit under section 10.330 of the county zoning ordinance, which provides in part:

---

[1] Yamhill County has an acknowledged comprehensive plan. These cases involve the application of provisions of ordinances which implement the plan. *See* Or Laws 1979, ch 772, § 3(1)(a)(C); *but see* Thornton, J., dissenting opinion, in *Solberg v. City of Newberg,* 56 Or App 23, 30, 641 P2d 44 (1982); *see also,* Or Laws 1981, ch 748.

[2] At the time of the developer's original conveyance, ORS 92.016 provided:

"No person shall dispose of, transfer, sell or agree, offer or negotiate to sell any lot or parcel of land in any subdivision or division of land with respect to which approval is required by any ordinance or regulation adopted under ORS 92.046 and 92.048 until such approval is obtained."

"In the F-40 District, approval of a single-family dwelling * * * on *an existing legal lot-of-record* of less than forty (40) acres shall be subject to [specified procedures and conditions]." (Emphasis in original deleted; emphasis added.)

In *Seal v. Polehn,* 52 Or App 389, 628 P2d 746, *rev den* 291 Or 368 (1981), we held that the Subdivision Control Law, ORS 92.305 *et seq.,* was designed primarily to protect consumers, and that a sale which violated that law was not voidable at the *seller's* instance. 52 Or App at 395. Although ORS 92.016 is not part of the Subdivision Control Law, we find no reason to construe its prohibition of noncomplying sales by developers as affecting the "legal" status of an innocent purchaser's interest.

Be that as it may, the issue here is not the effect of the statute but the effect of the ordinance on the status of the lots. As we read section 10.330 of the ordinance, it has nothing to do with the legality of the sale through which an owner obtains his interest. Section 10.320 establishes the procedures and conditions for allowance of a residential conditional use on a parcel of 40 acres or more in the F-40 zone. Section 10.330 establishes certain additional criteria for allowing such a conditional use on parcels of less than 40 acres. In the context of the ordinance provision, the phrase "existing legal lot-of-record" appears to refer to a legally *recorded* conveyance of a sub-size parcel which existed prior to the creation of the F-40 zone. In any event, we do not understand the phrase to affect the status of a purchaser's interest in property, and we therefore disagree with LUBA's conclusion that the properties in question are not existing legal lots of record.

■ The county's second and third assignments of error challenge LUBA's conclusions that the county decisions violated the substance and procedure of the county's variance law. The county found that denial of the owners' applications would result in unnecessary hardship in light of the limitation on use imposed by the restrictive covenant. LUBA ruled that the restriction was a "self-created hardship" and, as such, did not justify a variance under the zoning ordinance. LUBA also ruled that:

"* * * Section 41.200(4) supra requires a finding that special conditions and circumstances exist which are peculiar to the land upon which the variance is being granted. The conditions or circumstances cannot be applicable to other lands in the same zoning district. As we have said before, the 'special conditions' that are relied on by the county in its findings (deed restriction) are applicable to at a minimum 65 other parcels within the 'Ranch.' Therefore, they are not peculiar to either [of the owners'] property."

Both LUBA in its order and the respondents in their argument here assert or assume that the county violated its zoning ordinance by employing the *variance* process rather than rezoning to change the use of land. In our view, both LUBA and the respondents misperceive what the county's actions were. Although the zoning ordinance is not altogether clear about whether and to what extent the conditional use or variance *procedures* are applicable to the owners' applications, we conclude that the change in *use* was effected through the allowance of the conditional use permits and that the variances related only to minimum lot size. Schedule "A" of the zoning ordinance lists "single-family dwelling" as one of the conditional uses allowable in the F-40 zone. In a "finding" apparently designed to interpret the ordinance, the board of county commissioners stated that "[a] single-family residence is allowed *by conditional use permit* in the F-40 zoning district." (Emphasis added.) It follows that LUBA and respondents are mistaken in their understanding that the *variance* process was improperly used to allow a change of *use.*

LUBA and respondents emphasize the provision in section 41.100 of the ordinance that "[n]o variance shall be granted if a hardship is commonly shared by adjacent parcels *when rezoning* to a more appropriate use *is the proper remedy."* (Emphasis in original deleted; emphasis added.) We consider the more relevant ordinance provision to be section 41.200(3), which requires the county to find, in granting a variance, "[t]hat [the variance] shall not permit the establishment of any use which is not permitted within a particular zoning district, *or any use for which a conditional use permit is required."* (Emphasis in original deleted; emphasis added.) The county, in granting the conditional use, "found"

"* * * that it is the intent of this Section, and this requirement, to prevent the use of a variance as a substitute for a conditional use permit and that, by the applicant's application for a conditional use permit the requirements of these conditions have been met and the variance requested herein is not being utilized as a substitute for a conditional use permit. * * *"

We are aware that the distinction between the residential use allowed by the conditional use permits and the reduction in minimum lot size allowed by the variances is a fine one here, when the owners needed both to construct residences on the lots. The fact remains that the county ordinance, as construed by the governing body, makes that distinction. LUBA's order and respondents' arguments are to the clear effect that the county's *allowance of the residential use* in these cases was impermissible because the county's actions did not meet the standards *for variances* under the ordinance. We find nothing in the order or in respondents' arguments that suggests that the conditional use permit provisions of the ordinance are invalid or could not be validly applied to allow the residential uses granted the owners, or that suggests that the ordinance variance standards were misapplied in connection with the reductions in minimum lot size.

Reversed and remanded for further proceedings.