Submitted on record and briefs May 6,
affirmed September 8, reconsideration denied October 14,
petition for review denied November 2, 1982 (293 Or 801)

## VAN SANT,
*Petitioner,*

*v.*

## YAMHILL COUNTY,
*Respondent.*

(81-100; CA A23766)

650 P2d 188

Lester Van Sant, Hillsboro, filed the brief pro se for petitioner.

N. Robert Shields, Assistant County Counsel, McMinnville, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

**PER CURIAM.**

Petitioner has not sustained his burden on any of the contentions raised in his *pro se* brief. His strongest argument would seem to be that, if his application for a variance is treated as one for nonconforming lot status enabling a dwelling to be built on his property, his 5.44-acre parcel was a "lawful existing lot" or nonconforming "lot of record" at the time section 37-200 of the Yamhill County Zoning Ordinance was enacted.

Under the circumstances, we do not reach the lot-of-record issue. In denying petitioner's application on August 12, 1981, the Board of County Commissioners relied on findings made by the Planning Commission on April 2, 1981, which included a finding that in August, 1979 (less than a month before the lot was sold to petitioner), the Board of County Commissioners determined that the parcel was not a legal lot of record because it had not been legally created. *Cf. Yamhill v. Ludwick,* 57 Or App 764, 767, 646 P2d 1349 (1982) (phrase "existing legal lot of record" in ordinance does not affect status of purchaser's interest in property but probably refers to legally recorded conveyance). The County's previous ruling was not appealed. Even if petitioner were in a position in this proceeding to collaterally attack that determination, he has not specifically attempted to do so. Petitioner has not argued before LUBA or this court that that finding is unsupported by substantial evidence.

LUBA did not err in affirming the County's decision.

Affirmed.